Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 1 of 14   Page ID #:4373

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES – GENERAL

Case No. SA CV 19-0814-DOC (JDEx)                           Date: December 5, 2019

Title: IRVINE UNIFIED SCHOOL DISTRICT V. SHARON LANDERS ET AL

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION FOR REVIEW OF OAH DECISION [39]; DENYING DEFENDANT'S MOTION FOR REVIEW OF OAH DECISION [40]**

Before the Court is Plaintiff Irvine Unified School District's ("Plaintiff" or "District") Motion to Review the Decision of the Office of Administrative Hearings ("OAH") ("Pl. Motion") (Dkt. 39) and Defendants/Counterclaimants Sharon Landers et. al. ("Defendants") Motion to Review the Decision of OAH ("Def. Motion") (Dkt. 40). The Court heard oral argument on December 5, 2019. Having reviewed the papers and considered the parties' arguments, the Court **GRANTS** Plaintiff's Motion and **DENIES** Defendant's Motion.

I.   **Background**

    A.   **Facts**

The instant action arises out of simultaneous appeals of a "due process hearing" administrative decision by the California Office of Administrative Hearings, regarding

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 2 of 14   Page ID #:4374

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 19-0814-DOC (JDEx) | Date: December 5, 2019 |

Page 2

whether Defendants' minor child, A.L. ("Student"), was denied a free appropriate public education ("FAPE"). *See* Administrative Record ("AR") at 1 (Dkt. 34). The OAH action was heard by an Administrative Law Judge ("ALJ"), who adjudicated each action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1415 and corresponding state law. In the instant action, both parties appeal specific findings and conclusions of the OAH decision.

### B. Procedural History

The hearing at issue in the instant action is associated with the February 19, 2019 OAH decision by ALJ Cole Dalton in case number 2018080938. AR at 1647–1721.

Plaintiff filed its Motion on September 20, 2019. Defendants filed a response on October 18, 2019 ("Pl. Mot. Opp'n") (Dkt. 42), and Plaintiff replied ("Pl. Mot. Reply") on November 1, 2019 (Dkt. 46). Defendants filed their Motion on September 20, 2019. Plaintiff filed a response on October 18, 2019 ("Def. Mot. Opp'n") (Dkt. 44), and Defendant replied ("Def. Mot. Reply") on November 1, 2019 (Dkt. 47).

## II.     Legal Standard

"Congress created the IDEA to bring disabled students into the public education system by requiring states to adopt procedures to develop individualized plans for such students. Students with disabilities are entitled to special education services to ensure that they receive a 'free and appropriate public education' ('FAPE')." *L.J. by and Through Hudson v. Pittsburg Unified Sch. Dist.*, 850 F.3d 996, 999 (9th Cir. 2017). "A child receives a FAPE, for purposes of the IDEA, if the [educational] program addresses the child's unique needs, provides, adequate support services so that the child can take advantage of educational opportunities, and is in accord with the IEP [Individualized Education Plan]." *Id.* at 1007.

Accordingly, "[i]n determining whether a student has received a FAPE in compliance with the IDEA, the court conducts both a procedural and substantive inquiry. The Court considers whether the school complied with the procedures set forth in the IDEA. [Substantively,] [t]he court also evaluates whether the IEP in this case, or lack thereof, was reasonably calculated to enable the child to receive the educational benefits." *L.J.*, 850 F.3d at 1003 (internal citations omitted). However, a procedural violation only constitutes a denial of a FAPE if the procedural violation: (1) impeded the child's right to a free appropriate public education; (2) significantly impeded the parents' opportunity to participate in the decision making process regarding the provision of a free appropriate

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 3 of 14   Page ID #:4375

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 19-0814-DOC (JDEx)                                   Date: December 5, 2019

Page 3

public education to the parents' child; or (3) caused a deprivation of educational benefits. 20 U.S.C. § 1415(f)(3)(E)(ii); *see also* Cal. Educ. Code § 56505(f)(2); *L.J.*, 850 F.3d at 1003.

In sum, a court's inquiry as to IDEA violations by a district is therefore twofold: (1) has the district complied with the procedures set forth in the IDEA; and (2) is the IEP, developed through the IDEA-compliant procedures, reasonably calculated to enable the child to receive educational benefits. *Rowley*, 458 U.S. at 205; *see also J.P. ex rel. Popowitz v. Los Angeles Unified Sch. Dist.*, No. CV 09-1083-MMM-MANx, 2011 WL 12697384, at *18 (C.D. Cal. Feb. 16, 2011). "Furthermore, a school district must comply not only with federal statutory and regulatory procedures, but with state regulations as well: 'State standards that are not inconsistent with federal standards [under the IDEA] are also enforceable in federal court.'" *N.B. v. Hellgate Elementary Sch. Dist., ex rel Bd. of Directors, Missoula County, Mont.*, 541 F.3d 1202, 1208 (9th Cir. 2008) (quoting *W.G. v. Bd. of Trustees. of Target Range Sch. Dist. No. 23*, 960 F.2d 1479, 1483 (9th Cir. 1992)).

Under the IDEA in an appeal of an administrative decision, a trial court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). Regarding evidence outside of the administrative record, such evidence should be considered by the district court if it is relevant to the determination whether the school district met its IDEA obligation and was otherwise admissible. *E.M. ex rel E.M. v. Pajaro Valley Unified Sch. Dist. Office of Administrative Hearings*, 652 F.3d 999, 1006 (9th Cir. 2011).

The Ninth Circuit has held that "judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review." *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993). At the same time, "the preponderance of the evidence standard in IDEA cases is by no means an invitation to the courts to substitute their own notions of sound educational policy for those of the school authorities which they review." *Hendrick Hudson Dist. Bd. of Ed. V. Rowley*, 458 U.S. 176, 206 (1982). Instead, "[c]ourts must give 'due weight' to judgments of education policy when they review state hearings [under IDEA]." *Gregory K. v. Longview School Dist.*, 811 F.2d 1307, 1311 (9th Cir. 1987) (citing IDEA; *Rowley*, 458 U.S. at 206). "How *much* deference to give state educational agencies, however, is a

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 4 of 14   Page ID #:4376

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0814-DOC (JDEx)                                      Date: December 5, 2019

Page 4

matter for the discretion of the courts." *Gregory K.*, 811 F.3d at 1311. In the Ninth Circuit "[t]he amount of deference accorded to the hearing officer's findings increases where they are 'thorough and careful." *Capistrano Unified Sch. Dist. v. Wartenberg By and Through Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995) (quoting *Union Sch. Dist. v. Smith*, 15 F.3d 1519, 1524 (9th Cir. 1994)).

### III.   Discussion

The Court has reviewed the AR as pertains to the case at issue here. The Court will now discuss each Motion in turn.

**A.   Plaintiff's Motion**

**1.   Plaintiff's Challenge to the OAH Decision**

Plaintiff does not challenge the entire administrative decision issued by the ALJ. Instead, Plaintiff asks this Court to review the finding "that the modified curriculum[1] was inappropriate." Pl. Mot. at 3. In the decision, the ALJ noted that the "Student persuasively demonstrated that she should not have been on modified curriculum throughout the time period alleged." AR at 1702. This is because "students with intellectual disabilities receive modified curriculum, but students with low average cognition are capable of progress in a non-modified curriculum, with appropriate accommodations, supports, and services." *Id.* at 1703. The ALJ found that student did not have an intellectual disability and instead exhibited "low average cognitive abilities." *Id.*

Accordingly, Plaintiff's Motion is a partial appeal, arguing that the OAH Decision contained the following errors:

a. The ALJ erred in allowing Defendants to "reverse course" and challenge the modified curriculum after they allegedly previously accepted it. Pl. Mot. at 12–13.

b. The ALJ erred in finding that Student met her burden in showing the modified curriculum was not reasonable. Pl. Mot. at 13–18.

Defendants argue in a five-page response that Defendants did not "reverse course" and instead expressed concerns with a modified curriculum since January 18, 2019. Pl. Mot. Opp'n at 1. Defendants also argue that the ALJ's decision regarding

---

[1] A modified curriculum means having a Student no longer working to achieve grade-level standards but instead work at their own ability level. *See* AR at 1659, ¶ 35.

ADMINISTRATIVE RECORD FOR OAH CASE NO. 2019120864
Case 8:20-cv-01000-DOC-DFM Document 129 (Ex Parte) Filed 12/26/21 Page 12 of 204 Page ID #:5946
Page ID #:14747

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 5 of 14   Page ID #:4377

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. SA CV 19-0814-DOC (JDEx) | Date: December 5, 2019 |

Page 5

modified curriculum was carefully considered and correctly decided by the ALJ, and thus the Court should affirm. *See generally* Pl. Mot. Opp'n at 3–5.

### 2. The Court's Review of the Objected-To OAH Decision Findings

The Court has reviewed the ALJ's 2019 OAH Decision from which Plaintiff appeals. The Court thus **GRANTS** Plaintiff's Motion and **REMANDS** to the ALJ for further consideration in accordance with this opinion as to its "modified curriculum" decision adverse to the District.

#### a. The Defendants did not "reverse course" on the modified curriculum decision for Student

In its Motion, the District challenges the ALJ's decision to "allow[] Student to reverse course and challenge the modified curriculum." Pl. Mot. at 12. Plaintiff argues that the Student's own expert was in favor of a modified curriculum that would enable the Student to progress in school. *Id.* at 12–13. Plaintiff argues that Defendants should be estopped from reversing course and this Court should find the ALJ erred in its finding that the use of a modified curriculum was unreasonable. *Id.* at 13.

Defendants seek the Court's affirmance of the ALJ's finding as to the modified curriculum. Pl. Mot. Opp'n at 1. Defendants argue that they did not "reverse course." Instead, Student's Parents "shared their concerns with modified curriculum . . . once they were finally apprised of what the term 'modified curriculum' meant." *Id.* at 1. Further, their expert did not "reverse course" because she originally indicated that a modified curriculum would only be appropriate "as necessary." AR at 728. The expert "further clarified her position" on June 11 and June 13, 2018 during Student's IEP. *See* AR at 764 ("[The expert] also added that she had previously recommended a modified curriculum and no longer is as the Parents have not agreed to it. She indicated that she feels there are holes in her early foundation that haven't been addressed and therefore she can be accommodated."). Therefore, the Defendants argue that the District was aware of their position and there was no "reversal" at the hearing. Pl. Mot. Opp'n at 1.

The Court finds that the ALJ did not allow Defendants to "reverse course" such that they should have been estopped from arguing the issue in front of the ALJ. After examining the record, the Court finds that Defendants did not reverse course. Instead, Plaintiff knew that Defendants had concerns with a modified curriculum. *See* AR at 2387 (indicating testimony describing Parent's concern with a modified curriculum during the January 2018 IEP). Furthermore, during the June 2018 IEP team meeting, the expert

Case 8:19-cv-00814-DOC-JDE Document 50 Filed 12/05/19 Page 6 of 14 Page ID #:4378

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. SA CV 19-0814-DOC (JDEx) | Date: December 5, 2019 |
|---|---:|
| | Page 6 |

indicated that she recommended "modified curriculum or accommodated curriculum" not simply a "modified curriculum" as Plaintiff argues. The audio recording of the meeting includes the expert explaining the following:

> "I think that [modified curriculum] needs to be a team discussion . . .
> I call it recommendations; these are areas of discussion that I'd like
> the whole team to have. We all have different perspectives on our
> work with her." Exh. D-50 at 22:00–22:21 (Dkt. 37).

Therefore, unlike Plaintiff argues, there was no "reversal" of the expert at the hearing. Instead, District was aware of concerns with modified curriculum since at least January 2018.

### b. The ALJ erred in determining that Student met her burden in showing the modified curriculum was not reasonable

Plaintiff contends that the ALJ erred in determining that the District denied student a FAPE by offering a modified curriculum from October 28, 2016 to June 2018. The ALJ specifically found that "[t]he weight of the evidence demonstrated that Student did not make progress appropriate in light of her circumstances using modified curriculum. Student demonstrated she could make appropriate progress in the general education curriculum, with appropriate supports and services . . . ." AR at 1704.

Plaintiff believes this was an erroneous conclusion for two reasons. First, the District argues that the student was clearly not performing at grade level and therefore would benefit from a modified curriculum. Pl. Mot. at 13–14. The District points out that Student's Parents were themselves concerned with Student's progress in general education academics and that Student progressed while under a modified curriculum during a portion of the first trimester of the 2016-2017 school year. Pl. Mot. at 14, 17.

Second, Plaintiff argues that when Student left to attend Prentice,[2] she repeated sixth grade, and even then, was still under a modified curriculum at that school. *Id.* at 15–16. Thus, the ALJ erred in finding that Student's progress at Prentice was evidence that she did not need a modified curriculum. The Court will take each argument in turn.

---

[2] Parents placed Student at Prentice after declining the District's FAPE offer.

Case 8:19-cv-00814-DOC-JDE  Document 50  Filed 12/05/19  Page 7 of 14  Page ID #:4379

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0814-DOC (JDEx)  Date: December 5, 2019

Page 7

(1) <u>Student's Performance at Public School</u>

District argues that the "overwhelming weight of the evidence establishes that the District's offer of a modified curriculum was reasonable." Pl. Mot. at 13. First, District argues that it measured Student's achievement through the Woodcock-Achievement test, which found student's scores to be in the "low to very low classification" for reading, math, and writing. *Id.* at 14. The District also tested Student's cognitive ability through the Woodcock-Cognitive test, which found Students cognitive ability level to be "low to [] very low." *Id.* Finally, District argued that Student's own expert found that Student's cognitive ability was in the "low average range" and Student's Parents even contemplated holding Student back a grade. *Id.*[3]

Defendant argues that the ALJ correctly found that Student's cognitive ability was within the low average range and discounted Districts school psychologist's testimony regarding the drop in Student's scores between 2009 and 2018. Pl. Mot. Opp'n at 2. Because Student was in the average range of ability, Defendant argues Student "could perform in the average range given her cognitive ability, especially if her attention deficits, depression, and anxiety are appropriately addressed." *Id.* at 4. Overall, Defendant contends that just because Student was not performing at grade level, does not mean that she would benefit from a modified curriculum. *Id.* Therefore, the ALJ correctly found that "students with low average cognition are capable of progress in non-modified curriculum, with appropriate accommodations, supports, and services . . . . No evidence was presented that modified curriculum would provide meaningful educational benefit consistent with Student's low average cognitive ability." AR at 1703.

The Court finds that, after giving due weight to the thorough and careful decision of the ALJ, the ALJ did not err in giving credibility to the expert testimony of Dr. Giti and Dr. Weist, who demonstrated that "students with low average cognition are capable of progress in non-modified curriculum." *Id.*; *see also Gregory K.,* 811 F.2d at 1311. The ALJ found that, though Irvine conducted testing on Student between 2009 and 2018, the results varied significantly, and "Irvine offered no compelling explanation for the great disparity in processing scores between 2012, 2015, and 2018 triennial assessments." AR

---

[3] The District also argued that the ALJ misconstrued the record when finding "Student made progress in her general education curriculum during her first trimester of the 2016-2017 school year" because Student was using a modified curriculum during that trimester. AR at 1702, ¶ 71. However, the ALJ found that Student's teacher incorrectly attributed the progress to modifications when in fact the class was accommodated. AR at 1700, ¶ 53. District provides no argument as to why that finding was erroneous. Furthermore, even if Student did receive some modification during that academic year, the record is clear that the Student did not receive modifications the entire trimester. *See* AR at 1263 (describing the modification as occurring "toward the **end** of the trimester") (emphasis added). This evidence does not compel the Court to overturn the careful and thorough decision of the ALJ.

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 8 of 14   Page ID #:4380

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0814-DOC (JDEx)                      Date: December 5, 2019

Page 8

at 1668, ¶ 96. Instead, Dr. Giti showed that Student had low average cognition and recommended a school setting with accommodations "integrated throughout general education curriculum." AR at 1683, ¶ 192. Finally, the ALJ gave weight to Dr. Giti's testimony that "Student had holes in early foundational skills that needed to be addressed and Student could access the general education curriculum using accommodations rather than modifications." AR at 1685, ¶ 206. That testimony was "corroborated by several Irvine witnesses." *Id.* On this evidence, the ALJ correctly found that Student "*could* make appropriate progress in the general education curriculum, with appropriate supports and services."[4] AR at 1704, ¶ 78. However, that finding does not necessarily mean that a modified curriculum was improper, especially if Student received a modified curriculum at Prentice.

(2)     Student's Education at Prentice

Next, Plaintiff argues that when Student left to attend Prentice, she repeated sixth grade, and even then, was still under a modified curriculum at that school. Pl. Mot. at 15–16. It is undisputed that Student began at Prentice school by repeating the sixth grade. AR at 1800:2–5. Furthermore, District points the Court to testimony indicating that during her sixth-grade year at Prentice, Student used textbooks appropriate for younger students. *See* AR at 2134:1–10 (indicating Student used a math textbook that is at a third grade-level). Plaintiff argues that the ALJ therefore was inconsistent in finding that "Student received instruction in sixth-grade general education curriculum . . . [and] generated progress in the general education curriculum at Prentice, with appropriate accommodations." AR at 1703, ¶ 77.

Defendant argues that the District's claim that Student was instructed using a modified curriculum at Prentice is incorrect. *See* Pl. Mot. Opp'n at 4. Furthermore, Student argues that her teachers at Prentice would use appropriate *accommodations*, such as reading aloud to her, and did not use a *modified* curriculum. *Id.*

As defined by Student's own expert, a modified curriculum means instruction which is grade-level instruction lower than the grade-level instruction that corresponds to one's chronological age. AR at 2951:22–2952:9. Here, because being in a modified curriculum means instruction with a lower-level material than the class Student is in, the fact that Student was taught at the sixth-grade level and sometimes with materials for

---

[4] The fact that Student's parents may have expressed concerns about Student's performance and discussed possibility holding Student back a grade does not necessarily mean that Student would benefit from a modified curriculum. *See* Pl. Mot. at 14. Instead, such evidence could just as easily have meant that District was not adequately providing accommodations to Student. Therefore, such evidence does not mean that the ALJ erred in finding that the Student could make progress in a general education curriculum.

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 9 of 14   Page ID #:4381

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0814-DOC (JDEx)                                            Date: December 5, 2019

Page 9

those at a level less than sixth grade, means that the Student was likely taught with a modified curriculum based on her seventh-grade age.

The ALJ found "Student received instruction in sixth-grade general education curriculum . . . [and] generated progress in the general education curriculum at Prentice, with appropriate accommodations." AR at 1703, ¶ 77. This finding is inconsistent insofar as the *general education* at Prentice was a *modified curriculum education*. Student should have been at a seventh-grade level, but Parents enrolled her in the sixth grade. Even after holding Student back a grade, Student was still, at times, taught with materials for lower grade levels. Parents may argue that this is because Prentice needed to build up a foundation in order for Student to improve. In fact, Student's teacher at Prentice testified that using a third-grade math book was used to build up a foundation. AR at 2133:3–11 (describing that using the third-grade math book is meant to "strengthen [Student's] foundational skills). However, this argument does not change that fact that under Dr. Giti's own definition, the education at Prentice seemed to be a modified education.

The ALJ did not make appropriate findings as to whether Student's education at Prentice was a modified curriculum or a curriculum with accommodations. This Court is not equipped to make that determination, but simply finds that the ALJ's conclusions seem inconsistent insofar as they imply the education at Prentice was an education with accommodations when Student was educated at a lower grade level with books for students of an even younger age. *See* AR at 1703, ¶ 77 (describing Student's education at Prentice as evidence that District's decision to offer a modified curriculum was improper). On remand, the ALJ is free to determine whether the education at Prentice was actually a modified education, and if so, whether that fact changes the determination that "no evidence was presented that modified curriculum would provide a meaningful education benefit consistent with Student's low average cognitive abilities." AR at 1703, ¶ 74.

### c. Conclusion

The Court **VACATES** the finding that the District's offer of a modified curriculum was inappropriate and **REMANDS** the matter for further consideration in light of this ruling.

Case 8:19-cv-00814-DOC-JDE Document 50 Filed 12/05/19 Page 10 of 14 Page ID #:4382

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0814-DOC (JDEx)                                   Date: December 5, 2019

Page 10

**B.     Defendant's Motion**

    **1.     Defendant's Challenge to the OAH Decision**

Defendants ask this Court to find that the ALJ "erroneously found that Student did not prevail on issues regarding an appropriate placement, extended school year ("ESY") services, and supports and services in the areas of auditory processing, motor needs, social-emotional needs, anxiety, assistive technology, and phonological processing, and that Student did not demonstrate she had been bullied at school." Def. Mot at 2. Defendants challenge the entirety of the ALJ's decision that was unfavorable to them. Defendants also argue that they are entitled to attorneys' fees. *Id.* However, they later say they "will defer any discussion regarding attorneys' fees already incurred resulting from the administrative hearing until after the Court has completed its review of both parties' causes of action related to the appeal of the issues." *Id.* at 8. The Court will not address attorneys' fees at this time.

Accordingly, Defendant's Motion is a partial appeal, arguing that the OAH Decision contained the following groups of errors:

- Alleged procedural violations by Irvine in failing to convene IEP meetings within the appropriate period of time [claims 1, 7]
- Alleged failure to offer appropriate goals to address Student's needs [claims 2.b, 9.a, 10.a]
- Alleged failure to offer appropriate services to address Student's needs [claims 2.d-e, 5.c-e, 6.c-f, 8.b-h, 9.b-h, and 10.b-h]
- Alleged failure to offer appropriate placements to address Student's needs [claims 2.f, 5.f, 6.g, 8.i-j, 9.i-j, and 10.i-j, m]
- Alleged failure to offer appropriate accommodations to address Student's needs [claims 2.g, 9.k, and 10.k]
- Alleged failure to address alleged bullying Student experienced at school [claims 10.n]

Plaintiff argues in response that that Defendants burden the Court "by not highlighting the individual issues she believes should be reversed and why." Def. Mot. Opp'n at 1. Plaintiff notes that Student only references the ALJ's decision twice and cites no facts or legal reasoning in the Motion. *Id.* Plaintiff then endeavors to parse through Defendants' Motion and refute as much of the sparse argumentation found within the Motion. *See generally* Def. Mot. Opp'n.

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 11 of 14   Page ID #:4383

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0814-DOC (JDEx)                                                   Date: December 5, 2019

Page 11

## 2. The Court's Review of the Objected-To OAH Decision Findings

### a. Failure to Properly Convene IEP Meetings

Defendants argue that District's failure to hold an IEP meeting within 30 days of a request impeded Parent's opportunity to participate in the decision-making process. Def. Mot. at 19. Defendant also argues that "District's failure to complete Student's triennial assessments and develop an IEP based on those assessments within 60 days also prevented Parents from participating in the development of Student's IEP." *Id.* Defendants argue that this resulted in an almost month delay and prevented Student from benefitting from any changes that came as a result of the assessments. *Id.*

Plaintiff argues that procedural violations alone do not violate the IDEA. Instead, a procedural violation violates the IDEA only if the violation resulted in a "*substantive* denial of a FAPE by: (1) impeding the child's right to a FAPE; (2) *significantly* impeding the parent's opportunity to participate in the decision making process; or (3) causing a deprivation of educational benefits." *Id.* at 5; Cal. Educ. Code, § 56505(f)(f)(2)(A)-(C).

Here, Defendants have not shown that any procedural violation of the FAPE resulted in a *substantive* denial. Instead, the Court gives weight to the ALJ's determination that there was no evidence that Student was deprived of an educational benefit due to a five-day delay of the October 28, 2016 IEP meeting. AR at 1693, ¶ 9. The Court also affirms the ALJ's factual determination that Parents agreed in writing to extend the deadline to review Irvine's 2018 triennial assessments. AR at 1694, ¶ 15. Therefore, the Court **AFFIRMS** the ALJ's findings on claims 1 and 7.

### b. Failure to Offer Appropriate Goals

Defendants challenge the ALJ's decision regarding Irvine's alleged failure to offer appropriate goals under Claims 2.b, 9.a, and 10.a. Defendants argue that ALJ Dalton "completely disregarded Dr. Wiest's and Dr. Giti's testimony" which "pointed out several issues with each IEP from October 2019 to June 2018." Def. Mot. at 21. However, Defendant does not specifically cite which portion of the record the ALJ allegedly failed to consider.

The record shows that the ALJ carefully and thoroughly reviewed the evidence of Dr. Giti and Dr. Wiest. In fact, as to claim 2.a, the ALJ determined that, though Student argued that the goals offered were deficient in reading, writing, math, auditory processing, and social-emotional development, "Student failed to demonstrate Irvine should have offered goals" at the time period in question. AR at 1696, ¶ 34. Furthermore, the ALJ found that at the time of the March 2018 IEP, "Student presented no evidence

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 12 of 14   Page ID #:4384

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0814-DOC (JDEx)                              Date: December 5, 2019

Page 12

that she had additional needs." AR at 1711, ¶ 140. Finally, as to claim 10.a, the ALJ thoroughly reviewed the evidence and found that, though Student had not progressed on each goal set by Irvine, "Dr. Giti did not recommend discontinuing any of the goals over which Student struggled" and "Student failed to demonstrate that Irvine did not offer appropriate goals." AR at 1713, ¶¶ 152–153. After reviewing the record and the ALJ's thorough findings, the Court **AFFIRMS** the findings as to claims 2.b, 9.a, and 10.a.

### c.  Failure to Offer Appropriate Services

Defendants argue that Irvine failed to offer appropriate services to Student throughout the relevant time periods. Overall, Defendants argue that "failing to offer appropriate and sufficient goals for Student . . . led to the District failing to offer necessary services to address the Student's needs in the same areas." Def. Mot. at 4, 14. Defendants go on to generally rehash similar arguments as to the arguments that Irvine failed to offer appropriate goals. However, Defendants fail to point to any evidence that the ALJ allegedly overlooked in determining that Irvine did **not** fail to offer appropriate services under portions of claims 2, 5, 6, 8, 9, and 10.

As before, the Court finds that the ALJ's decision was careful and thorough as to the claims regarding appropriate services. The ALJ found that during the relevant time periods the evidence showed Student did not require auditory processing services or social emotional services (AR at 1699–1700), did not require motor skills services (AR at 1706, 1707), and did not require services for reading, writing, math, phonological processing, and assistive technology (AR at 1710–11, 1712, 1714). The ALJ made these determinations based on the evidence Student presented at each successive IEP meeting. After reviewing the record and the ALJ's thorough findings, the Court **AFFIRMS** the findings as to claims 2.d-e, 5.c-e, 6.c-f, 8.b-h, 9.b-h, and 10.b-h.

### d.  Failure to Offer Appropriate Placements

Defendants argue throughout their Motion that the District failed to offer an "appropriate placement." *See, e.g.*, Def. Mot. at 17:25–26; 18:15–19; 20:10–14. However, as before, Defendants fail to point to any evidence that supports the contention that the ALJ allegedly failed to consider evidence on the record.

Instead, the ALJ's decision shows that the evidence was carefully evaluated. The ALJ found that, as to the March 2017 IEP, the evidence did not show a "more restrictive setting was required at that time." AR at 1702, ¶ 65. The ALJ correctly declined to credit evidence that was not before the parties at the time of that particular IEP because the proper analysis is a snapshot, not retrospective. *Id.* The ALJ made the same conclusion for claim 5.f, 6.g, 8.i, and 9.i. AR at 1706, ¶ 95, 1701, ¶ 107, 1711, ¶ 137, 1712, ¶ 148.

Case 8:19-cv-00814-DOC-JDE   Document 50   Filed 12/05/19   Page 13 of 14   Page ID #:4385

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SA CV 19-0814-DOC (JDEx)                                                Date: December 5, 2019

Page 13

The ALJ also found that "Student demonstrated that she can access her education amongst typical peers and does not require a more restrictive setting" and denied claims 10.i and 10.m. AR at 1714, ¶¶ 161–163. Finally, after reviewing the evidence, the ALJ concluded that Irvine had offered ESY services since June 13, 2018 and Parents rejected that placement. AR at 1715 ¶ 167. Therefore, the ALJ denied claims 8.j, 9.j, and 10.j. After reviewing the record and the ALJ's thorough findings, the Court **AFFIRMS** the findings as to claims 2.f, 5.f, 6.g, 8.i-j, 9.i-j, and 10.i-j, m.

      **e.**  **Failure to Offer Appropriate Accommodations**

Defendants appeal the decision of the ALJ finding that Student did not demonstrate that Irvine failed to offer appropriate accommodations. However, the only time Defendants mention accommodations in their Motion is in a single sentence at page 18. In general terms, Defendants argue "the District should have reevaluated its proposed, goals, services, placement, and accommodations in the areas of reading, writing, math, auditory processing, phonological processing, social skills, motor skills, social/emotional, and AT." Def. Mot. at 18. Again, Defendants do not point to any evidence on the record that supports overturning the ALJ's decision.

  As to claim 2.g, the ALJ determined that, looking at the evidence at the time of the October 2016 IEP, the evidence did not show that she required more or different accommodations that were given to her. AR at 1699, ¶ 45. Furthermore, the ALJ reviewed the testimony of Dr. Williams, and found that Dr. Williams did not recommend using an FM system to address auditory needs, because Student was able to hear instruction without the system and Father did not believe Student would wear the auditory headphones. AR at 1698, ¶ 43. As to claim 9.k, the ALJ found that Irvine appropriately offered assistive technology accommodations, and Student again failed to demonstrate the need for an FM system accommodation. AR at 1711, ¶¶ 141–143. Finally, at to claim 10.k, the ALJ found that Irvine appropriately added accommodations after Dr. Giti's assessment, and Student did not offer evidence that she needed additional accommodations. AR at 1713, ¶¶ 155–156. After reviewing the record and the ALJ's thorough findings, the Court **AFFIRMS** the findings as to claims 2.g, 9.k, and 10.k.

      **f.**  **Claim 10n**

Defendants do not substantively discuss the alleged bullying of Student at school in their Motion, however they claim they are appealing the ALJ's decision finding that Student failed to establish she has suffered through bullying.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SA CV 19-0814-DOC (JDEx) | Date: December 5, 2019 |

Page 14

  The ALJ found that "Student did not establish that she suffered severe or pervasive aggression falling within the definition of bullying" and further failed to show that "any incident occurred that denied her access to her education." AR at 1715, ¶ 176. The ALJ based this decision on a review of the facts and relevant state and federal law. *See* AR at 1715, ¶¶ 171–172 (looking to a Dear Colleague Letter and the California Education Code for the proper definition of bullying). The ALJ noted that Student was well liked, that Student's teachers received no input of bullying by or against student, and that Student's providers had no knowledge of any bullying. AR at 1716, ¶ 175. On these facts, the ALJ appropriately concluded that Student did not meet her burden on this issue. After reviewing the record and the ALJ's thorough findings, the Court **AFFIRMS** the findings as to claim 10.n.

## IV. Disposition

  For the aforementioned reasons, Plaintiff's Motion is **GRANTED** and Defendants' Motion is **DENIED**. The ALJ's decision is vacated as to the modification claim(s) and the Court **REMANDS** to the ALJ for further consideration in accordance with this opinion.

  The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                   Initials of Deputy Clerk: djl